UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1  KIMBERLY L. SREDICH,

D-2  MICHAEL E. DOLAN,
     a.k.a. "Michael Doolan."

        Defendants.

Case: 4:19-cr-20230
Judge: Michelson, Laurie J.
MJ: Davis, Stephanie Dawkins
Filed: 04-17-2019
SEALED (dw)

## INDICTMENT

**THE GRAND JURY CHARGES:**

### *General Allegations*

At all times material to this Indictment:

1. Defendant KIMBERLY L. SREDICH (SREDICH) worked for Worklife Wealth Management, Inc. (Worklife) as an office assistant from 2011 through June 2018. Worklife was a business that provided investment advice and services for its clients. SREDICH worked at Worklife's only office, located in Grand Blanc within the Eastern District of Michigan.

2. Worklife's owner, M.H., worked as a registered representative for American

Portfolios Financial Services, Inc. (American Portfolios), a broker dealer, to manage client accounts, trade securities, and otherwise invest money for clients. American Portfolios is based in Long Island, New York.

3. American Portfolios retained Pershing LLC (Pershing) to provide recordkeeping and operational services for its clients. Pershing processed securities transactions, distributed payments, and maintained custody of assets and records for American Portfolios clients, among other services. Pershing is based in Jersey City, New Jersey.

4. As the office assistant, SREDICH had access to the information in the American Portfolios client accounts. SREDICH was also familiar with the procedures, systems, and forms used by American Portfolios to transfer money into and from client accounts.

5. As part of its business practices for disbursing funds to clients, American Portfolios required a Letter of Authorization, or an IRA distribution form, signed by the client, to disburse client funds from their accounts in those instances where disbursement checks were to be mailed to a location other than the client's primary address. American Portfolios also required client approval for federal funds wire transfers.

6. In March 2010, SREDICH's husband, Individual-1, filed a business certificate with Genesee County for a business named "Michigan Elite."

Individual-1 was the sole proprietor.

7. In March 2011, SREDICH and Individual-1 opened a joint savings account (xxxxxxx-xx10) and a joint checking account (xxxxxxx-xx50) at ELGA Credit Union, in the Eastern District of Michigan. Both SREDICH and Individual-1 had designated signature authority on the accounts, which remained open at all times relevant to this indictment.

8. In March 2012, Individual-1 opened a business checking account (xxxxxxx-xx51) at ELGA Credit Union. When opening the account, Individual-1 provided ELGA Credit Union with the Genesee County business certificate for "Michigan Elite." As the only account holder, Individual-1 had designated signature authority on the account.

9. In February 2010, Defendant MICHAEL E. DOLAN (DOLAN), SREDICH's brother, opened a checking account (xxxxxx-xx53) with Citizens Bank (later acquired by FirstMerit Bank), in the Eastern District of Michigan. DOLAN closed this account in August 2013.

10. In October 2013, DOLAN began working for Oxford Bank, in the Eastern District of Michigan, and opened a checking account there that remained active throughout most of 2015. DOLAN stopped working for Oxford Bank in September 2015.

11. In May 2016, DOLAN began working at JPMorgan Chase Bank.

12. SREDICH's maiden name was Kimberly Dolan.

## COUNT 1

### Conspiracy to Commit Wire Fraud and Mail Fraud
### (18 U.S.C. § 1349)

**D-1 KIMBERLY L. SREDICH**
**D-2 MICHAEL E. DOLAN**

13. Paragraphs 1 through 12 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

14. Beginning in or about December 2011 and continuing until June 2018, in the Eastern District of Michigan and elsewhere, defendants SREDICH and DOLAN, a.k.a. "Michael Doolan," and others, known and unknown to the Grand Jury, knowingly, intentionally, and willfully combined, conspired, confederated, and agreed to commit the crimes of wire fraud and mail fraud by knowingly and willfully executing and attempting to execute a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions. In executing the scheme and artifice to defraud, SREDICH transmitted and caused to be transmitted by means of wire communication, writings, signs, signals, pictures, and sounds in interstate commerce, in violation of 18 U.S.C. § 1343, and knowingly caused the sending, delivering, and receipt of various matters and things by a private and commercial interstate carrier, in violation of 18 U.S.C. § 1341.

### *The Purpose of the Conspiracy*

15.  The purpose of the conspiracy was for SREDICH and DOLAN to unlawfully enrich themselves by, among other things, obtaining money through fraudulent means from American Portfolios client accounts. It was further the object of the conspiracy to hide this unlawful enrichment, while enjoying the use of the money.

### *Manner and Means of the Conspiracy and the Scheme and Artifice to Defraud*

16.  The manner and means of the conspiracy and the scheme and artifice to defraud are described below.

17.  As a part of the conspiracy and scheme, SREDICH accessed American Portfolios client accounts to get account names, account numbers, and other account information.

18.  As a further part of the conspiracy and scheme, SREDICH sent, or caused to be sent, forged IRA distribution forms, fraudulent federal funds wire request forms, and forged Letters of Authorization as wire communications to American Portfolios in New York state. SREDICH made materially false and fraudulent representations and pretenses on these forms by, among other things, forging client signatures, which authorized the disbursement of money from an American Portfolios client account to "Michigan Elite" or to "Michael Doolan."

19.  As a further part of the conspiracy and scheme, the fraudulent IRA

distribution forms and federal funds wire request forms instructed American Portfolios to send money, by wire transfer, to DOLAN's bank account at Citizens Bank and later FirstMerit Bank. In response to the IRA distribution forms and federal funds wire request forms that SREDICH wired, American Portfolios caused Pershing to wire money, withdrawn from client accounts, to DOLAN's bank account.

20. As a further part of the conspiracy and scheme, DOLAN made cash withdrawals from his bank account in the same or similar amount as the wire transfer amount on the same day, or within several days, of the wire transfer. DOLAN later distributed all or some of the money back to SREDICH, who in turn deposited some of that money into her joint checking account (xxxxxxx-xx50) at ELGA Credit Union.

21. In total, more than $32,000 flowed through DOLAN's bank accounts from approximately 11 wire transfers over a 16-month period, beginning in December 2011.

22. As a further part of the conspiracy and scheme, some of the forged IRA distribution forms and forged Letters of Authorization that SREDICH sent instructed American Portfolios to mail a disbursement check to DOLAN's home or work address in the Eastern District of Michigan. The mailing address for DOLAN listed on the forms varied depending on his place of employment at the time. As

directed by American Portfolios, Pershing mailed, using private and commercial interstate carrier UPS, approximately 43 disbursement checks, made payable to either "Michigan Elite" or "Michael Doolan," drawn from American Portfolios client accounts.

23. As a further part of the conspiracy and scheme, DOLAN knowingly falsified a job application to Oxford Bank, in September 2013, by representing that he worked at Worklife for several years and SREDICH was his supervisor there. DOLAN and SREDICH well knew that in truth and in fact DOLAN did not work for Worklife. After DOLAN began working at Oxford Bank, SREDICH caused one check for $690.00, payable to "Michael Doolan," to be mailed to DOLAN at the branch office where he worked. DOLAN later cashed this check at Oxford Bank. SREDICH caused this check to be mailed by wiring a forged IRA distribution form to American Portfolios on or about April 25, 2014.

24. As a further part of the conspiracy and scheme, SREDICH caused a second check, payable to "Michael Doolan," to be mailed to DOLAN by wiring a forged IRA distribution form to American Portfolios on or about November 10, 2014. DOLAN later cashed this check for $2,700.00 at Oxford Bank. That same day, SREDICH made a cash deposit of $2,700.00 into her joint account checking account (xxxxxxx-xx50) at ELGA Credit Union.

25. As a further part of the conspiracy and scheme, DOLAN provided

7

"Michigan Elite" disbursement checks, or made arrangements to have them provided, to SREDICH.

26. As a further part of the conspiracy and scheme, SREDICH collected the checks and then deposited them, or had them deposited, into the "Michigan Elite" business checking account (xxxxxxx-xx51) that her husband, Individual-1, opened at ELGA Credit Union. SREDICH in turn transferred, or had transferred, these funds into her joint savings account (xxxxxxx-xx10) or into her joint checking account (xxxxxxx-xx50) at ELGA Credit Union, or used the funds to pay for incurred expenses. SREDICH deposited one $20,000 check, payable to "Michigan Elite," directly into her joint savings account (xxxxxxx-xx10).

27. From April 24, 2014 through June 2018, SREDICH deposited, or had deposited, more than $300,000 into the Michigan Elite business checking account (xxxxxxx-xx51) at ELGA Credit Union from about 41 American Portfolios/Pershing checks, each made payable to "Michigan Elite." During this same period, more than $295,000 was transferred from the Michigan Elite business checking account (xxxxxxx-xx51) into SREDICH's personal checking and savings accounts at ELGA Credit Union.

All in violation of 18 U.S.C. § 1349.

## COUNTS 2–9

### Wire Fraud – Aiding and Abetting
### (18 U.S.C. §§ 1343 and 2)

**D-1  KIMBERLY L. SREDICH**
**D-2  MICHAEL E. DOLAN**

28.  Paragraphs 1 through 27 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

29.  From about April 2014 and continuing through at least June 2018, in the Eastern District of Michigan and elsewhere, defendants SREDICH and DOLAN, a.k.a. "Michael Doolan," aided and abetted by each other and others, knowingly, intentionally, and willfully and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, transmitted and caused to be transmitted by means of wire communication, writings, signs, signals, pictures, and sounds in interstate commerce for the purpose of executing such scheme and artifice.

### *Use of the Wires*

30.  On the approximate dates specified as to each count below, in the Eastern District of Michigan and elsewhere, SREDICH, in executing the above-described scheme and artifice to defraud, knowingly transmitted and caused to be

transmitted, by wire communication, writings, signs, signals, pictures, and sounds in interstate commerce for the purposes of executing such scheme and artifice, as set forth below:

| Count | Investor Account | Approximate Date | Description of Wire Transmission |
|---|---|---|---|
| 2 | G.F. | April 25, 2014 | Electronic communication of IRA distribution form to American Portfolios for $690.00 payable to Michael Doolan |
| 3 | J.C. | Nov. 12, 2014 | Electronic communication of IRA distribution form to American Portfolios for $2,700.00 payable to Michael Doolan |
| 4 | K.H. | May 7, 2015 | Electronic communication of Letter of Authorization and Death Certificate to American Portfolios for $20,000.00 payable to Michigan Elite |
| 5 | J.C. | June 22, 2015 | Electronic communication of IRA distribution form to American Portfolios for $5000.00 payable to Michigan Elite |
| 6 | K.H. | June 7, 2016 | Electronic communication of Letter of Authorization to American Portfolios for $20,000.00 payable to Michigan Elite |
| 7 | M.R. | Jan. 11, 2017 | Electronic communication of Letter of Authorization to American Portfolios for $12,000.00 payable to Michigan Elite |
| 8 | B.P. | June 20, 2017 | Electronic communication of Letter of Authorization to American Portfolios for $10,000.00 payable to Michigan Elite |
| 9 | E.L. | June 4, 2018 | Electronic communication of Letter of Authorization to American Portfolios for $10,000.00 payable to Michigan Elite |

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS 10–11

### Money Laundering
### (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

**D-1 KIMBERLY L. SREDICH**

31. The allegations contained in all preceding paragraphs are hereby realleged and incorporated by reference in Counts 10–11 as if fully set forth herein.

32. From in or about August 2014 and continuing through on or about June 2018, in the Eastern District of Michigan, and elsewhere, the defendant SREDICH, knowing that the property involved represented the proceeds from some form of unlawful activity, as defined in 18 U.S.C. § 1956(c)(1), that is, wire fraud, a felony under 18 U.S.C. § 1343, and mail fraud, a felony under 18 U.S.C. § 1341, knowingly, intentionally, and unlawfully conducted, caused to be conducted, and aided and abetted others in conducting, financial transactions in and affecting interstate commerce that involved the proceeds of this unlawful activity, with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of this unlawful activity.

33. On the approximate dates specified as to each count below, in the Eastern District of Michigan, SREDICH used the ELGA Credit Union Accounts identified above to launder funds in the following transactions, among others:

| Count | Investor Account | Approximate Date | Description of Transaction |
|---|---|---|---|
| 10 | K.H. | June 21, 2016 | Electronic transfer of $15,000.34 from Michigan Elite business checking account (xxxxxxx-xx51) into personal joint checking account (xxxxxxx-xx50) |
| 11 | K.H. & M.R. | Oct. 17, 2017 | Electronic transfer of $12,000.05 from Michigan Elite business checking account (xxxxxxx-xx51) into personal joint checking account (xxxxxxx-xx50) |

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATIONS

### (18 U.S.C. § 981(a)(1)(C) with 28 U.S.C § 2461(c), 18 U.S.C. § 982(a)(1) - Criminal Forfeiture)

The allegations contained in Counts One through Eleven above are hereby realleged and incorporated by reference as if set forth in full herein, for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c), and/or Title 18, United States Code, Section 982(a)(1).

Upon conviction of any or all of the violations set forth in Counts One through Nine of the Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation(s).

Upon conviction of one or both of the money laundering offenses set forth in Count Ten or Count Eleven of the Indictment, defendant KIMBERLY L. SREDICH, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

- Real property located at 4133 Aspen Court, Lewiston, MI 49756; and
- Real property located at 7478 Tara Court, Goodrich, MI 48438

If any of the property described above as subject to forfeiture, as a result of any act or omission of the defendants:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Money Judgment: Upon conviction of any or all of the violations alleged in the Indictment, the defendants shall be ordered to pay a sum of money representing the total amount of gross proceeds obtained as a result of his or her offense(s).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 241(c); Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2.

**THIS IS A TRUE BILL.**

Dated: 4-17-19

s/GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
United States Attorney

s/BLAINE T. LONGSWORTH
Assistant United States Attorney
600 Church Street, Flint, MI 48502
P55984

s/ANTHONY P. VANCE
Assistant United States Attorney
Chief, Branch Offices

| United States District Court<br>Eastern District of Michigan | **Criminal Case** | Case: 4:19-cr-20230<br>Judge: Michelson, Laurie J.<br>MJ: Davis, Stephanie Dawkins<br>Filed: 04-17-2019<br>SEALED (dw) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form

### Companion Case Information

| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Companion Case Number:<br>Judge Assigned: |
|---|---|
| ☐ Yes    ☐ No | AUSA's Initials: |

**Case Title:** USA v. KIMBERLY L. SREDICH

**County where offense occurred:** Genesee

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

   ✓ Indictment/ _____ Information --- **no** prior complaint.
    _____ Indictment/ _____ Information --- based upon prior complaint [**Case number:** _____]
    _____ Indictment/ _____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

### Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 17, 2019
    Date

s/BLAINE T. LONGSWORTH

BLAINE T. LONGSWORTH, AUSA
600 Church Street, Ste. 210, Flint, MI 48502
Phone: (810) 766-5177
Fax:   (810) 766-5427
E-Mail address: blaine.longsworth@usdoj.gov
Attorney Bar #: P55984

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.